# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHASE STAFFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, CITY OF MERCED COUNTY, DETECTIVE RODRIGUEZ, and DETECTIVE SOLIS,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:13-cv-0461-AWI-BAM<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Michael Chase Stafford ("Plaintiff"), is a county jail inmate appearing *pro se* and informa pauperis with an action for a violation of civil rights against the State of California, the "City of Merced County," and individual Merced County Police Detectives Rodriguez and Solis. Plaintiff's complaint arises out of an incident occurring on April 23, 2012. For the following reasons, Plaintiff is instructed to inform the Court whether he wishes to proceed only on the claims found cognizable.

**DISCUSSION**

**A.　Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28

1

U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### B. Failure to State a Claim

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . .stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez v. Smith,* 203 F.3d at 1128.

### C. Plaintiff's Allegations

According to the complaint, on April 23, 2012, Plaintiff was trying to retreat from a verbal argument he was having with his ex girlfriend, by driving away in a 2001 Saturn that he co-owned with her. Upon leaving, Plaintiff was approached by two "Merced Police Detectives." (Plaintiff's

Compl. 3, Doc. 1[1]). Plaintiff claims that once he drove away, his ex-girlfriend reported that he had stolen her car in an alleged car jacking. The Merced Police Detectives chased Plaintiff and tried to apprehend him, but were unable to do so before Plaintiff crashed his vehicle. Plaintiff alleges that while driving at a rate of 40 to 60 mph, he lost control of his vehicle and crashed head-on with a Merced City Bus. *Id.* at 3. During the accident, Plaintiff alleges he was knocked unconscious and his vehicle was disabled. *Id.*

According to Plaintiff, Detectives Solis and Rodriguez alleged that after the wreck, Plaintiff threw his car into reverse and attempted to run over the detectives. Plaintiff alleges that "he never attempted to use his car as a weapon" and that it was his impact with the bus that caused his vehicle to lurch backwards. *Id.* at 4. After the wreck, Plaintiff states that the Detectives "fired multiple rounds" into his vehicle "over excessively," striking him in his head and back. Plaintiff suffered injuries to his lungs and fractured two ribs. After sustaining his injuries, Plaintiff was life-flighted to Memorial Medical Center in Modesto, California. He was later arrested and "booked into jail" where he was charged with evading arrest of a police office, great bodily injury on a police officer, and for parole violations. At his arraignment hearing, Plaintiff claims that his great bodily injury on a police officer charge was dropped. He claims that this is evidence that the Detectives shot him unnecessarily and with excessive force.

Plaintiff requests a court trial for his excessive force claim. *Id.* at 3. Though he does not name any constitutional violations, the Court construes Plaintiff's complaint as alleging causes of action for excessive force in violation of the Fourth Amendment.

**D.  Excessive Force**

Allegations of excessive force during an arrest are analyzed under a Fourth Amendment standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989) ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'... are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Fourth Amendment's prohibition on unreasonable seizures").

Here, Plaintiff asserts that he did not use his disabled vehicle as a weapon, but Detectives Solis and Rodriguez shot him "excessively" for no reason at all. (Doc. 1 at 4). Plaintiff's allegations that Detectives Solis and Rodriguez shot him in the course of an arrest causing serious injury to his head and back are sufficient to state a cognizable claim of excessive force by Defendants Solis and Rodriguez.

### E. State of California as a Defendant

Plaintiff names the State of California as a Defendant. Plaintiff is advised that he may not sustain an action against a state. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Unless the State of California consents to federal jurisdiction, it is entitled to Eleventh Amendment immunity from suit.

The Ninth Circuit Court of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations and quotation marks omitted). As a result, Plaintiff's claim of excessive force against the State of California is barred by the State's immunity from suit. Therefore, Plaintiff fails to state a claim against the State of California.

### F. "The City of Merced County" as a Defendant

Plaintiff's naming of the City of Merced County as a Defendant raises three questions. First, because Plaintiff names the "City of Merced County" as a Defendant, it is unclear as to whether he is alleging claims against the City of Merced, Merced County, or both. Second, the complaint includes no allegations of wrongdoing by the City of Merced or Merced County. In the absence of any other allegations against it, the City of Merced or Merced County cannot be held liable for the police officers' alleged wrongdoing. A local government unit may not be held responsible for its employee's acts under a respondeat superior theory of liability. *Board of Comm'rs v. Brown*, 520

U.S. 397, 403 (1997); *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 121 (1992); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003), *cert. denied sub nom Carson City, Nev. v. Webb*, 540 U.S. 1141 (2004). Finally, the complaint appears to set forth allegations of wrongdoing by two individual police "detectives." Compl. at 2. Police officers in Merced, California, work for the City of Merced; law enforcement officers of the County of Fresno are sheriff's deputies. Plaintiff refers to Defendants Solis and Rodriguez as "detectives." Exactly whom Plaintiff intends to sue is unclear. Consequently, Plaintiff fails to state a claim against the City of Merced or Merced County.

## CONCLUSION and ORDER

Plaintiff's complaint states a claim under the Fourth Amendment against Defendants Rodriguez and Solis in their individual capacity for use of excessive force. However, Plaintiff is unable to state a claim at this time against the City of Merced, Merced County, and the State of California. This Court will provide Plaintiff with one additional opportunity to file an amended complaint curing the deficiencies identified in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Solis and Rodriguez, Plaintiff may so notify the Court in writing, and the Court will issue Findings and Recommendations recommending that Defendants the State of California, the City of Merced, and Merced County be dismissed from this action, and will forward Plaintiff summonses and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, FED. R. CIV. P. 8(a) but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Hydrick v. Hunter*, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

**Based on the foregoing, it is HEREBY ORDERED that:**

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Solis and Rodriguez on his Fourth Amendment claim of excessive force;

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   April 18, 2013                                /s/ Barbara A. McAuliffe
                                                     UNITED STATES MAGISTRATE JUDGE